**Paul R. PLANTE, Appellant,**

v.

**Eugene BECHARD, et. al,**
**Defendants–Appellees.**

**No. 05–2133CV.**

United States Court of Appeals,
Second Circuit.

Dec. 15, 2005.

Paul R. Plante, Averill Park, New York, for Appellant, pro se.

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade sitting

David T. Luntz, Ryan & Smallacombe, PLLC, Albany, New York, for Eugene Bechard and David Gebhardt, Appellee.

Colleen H. Whalen, Malta, New York, for Andrea J. Gallerie, Appellee.

Julie M. Sheridan, Office of the New York State Attorney General, Albany, New York, for William Shea, Appellee.

Donald E. Rook, Thuillez, Ford, Gold, Johnson & Bulter, LLP, Albany, New York, for Northeast Health, Inc., Samaritan Hospital of Troy, NY, Adrian A. Morris, John C. Braaten, Carol Fiorino, and Bernadette R. Hallam, Appellee.

Thomas J. O'Connor, Napierski, Vandenburgh & Napierski, LLP, Albany, New York, for Kathleen Jimino, Joseph Cybulski, Timothy Holt, Denise M. Ayers, Roy Champagne, Robert Reiter, Kevin J. McGrath, and Carl R. Aiken, Appellee.

Raymond Pelletire, Averill Park, New York, pro se, Appellee.

Jeffrey Pelletier, Averill Park, New York, pro se, Appellee.

Gerald Jones, Averill Park, New York, pro se, Appellee.

Gary James Horton, Averill Park, New York, pro se, Appellee.

Present: Hon. Sonia SOTOMAYOR, Hon. Robert A. KATZMANN, Circuit Judges, and Hon. Richard K. EATON, Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Northern District of New York (Sharpe, J.). is AFFIRMED.

by designation.

Paul R. Plante appeals from a judgment of the district court dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo*. See Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). "[I]n ruling on a Rule 12(b)(6) motion, a court is required to accept the material facts alleged in the complaint as true, and not to dismiss 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citation omitted)).

We agree with the district court that, even construing Plante's amended complaint liberally, Plante's conspiracy claims were wholly devoid of any supporting detail and Plante's own exhibits defeated his claim that he had been unlawfully committed. Additionally, to the extent that Plante has attempted to assert claims against Jeffrey Pelletier for assault, he has not alleged that Pelletier is a state actor liable under § 1983. Further, with respect to Plante's allegations that the defendants violated his due process rights by labeling him as mentally unstable and dangerous, Plante failed to state any claim upon which relief could be granted. Even if Plante demonstrated that his reputation was damaged by his commitment, he did not demonstrate that this "stigma" was coupled with a tangible deprivation. *See Valmonte v. Bane*, 18 F.3d 992, 999–1000 (2d Cir.1994) (noting that a state action resulting in "stigma," that is, in public

opprobrium and damage to an individual's reputation, must be combined with a more significant deprivation of liberty or property to be cognizable under the due process clause). As the district court explained, the reports from the VA Hospital indicated that Plante voluntarily admitted himself to the mental facility. Thus, Plante has not established that the defendants' actions caused him to suffer a tangible loss.

For these reasons, the district court's judgment is AFFIRMED.